## Case No. 4,688.

### FARRINGTON et al. v. GREGORY.

[4 Fish. Pat. Cas. 221.][1]

Circuit Court, E. D. Michigan. Sept., 1870.

---

[1] [Reported by Samuel S. Fisher, Esq., and here reprinted by permission.]

A. Russell, for complainants.
Levi L. Barbour, for defendant.

LONGYEAR, District Judge. By the showing made at the hearing of the motion, it appears that before the extension of the patent, Merritt, the assignee of Wyckoff, by an instrument in writing, granted to one Arnold the right to use and sell machines in Calhoun and Kalamazoo counties, in the state of Michigan, and that a machine was constructed for said Arnold in pursuance of such grant, and under the supervision of said Merritt, and that the said machine was transferred, together with a like grant, by said Arnold to other parties and by said other parties to this defendant, and that it is the use of that same machine by defendant that constitutes the cause of complaint and which the court is now asked to enjoin. It further appears that none of the said grants from Merritt down to the defendant had been recorded at the time of the assignment to complainants.

By section 11 of the act of July 4, 1836 (5 Stat. 121), it is provided that every "assignment, and also every grant and conveyance of the exclusive right under any patent, to make and use, and to grant to others to make and use, the thing patented, within and throughout any specified portion of the United States, shall be recorded in the patent office within three months from the execution thereof." If, therefore, the grants or conveyances under which defendant claims are included in the above provision, they were required to be recorded, and not having been recorded within the time specified, and the complainants having purchased before the same were recorded, they can not be made available against the complainants' rights under their assignment. The converse of this proposition is, however, no doubt equally true, viz.: If the said grants or conveyances are not included in the above provision, then they were not required to be recorded, and they are available against the complainants' rights, whether recorded or not.

The grants in question are all precisely alike as to what is granted, and in this respect are in the following language: "All the right, title, and interest which I have to use or sell machines made according to said invention, * * * having the full and entire right to use or dispose of the said improved boring machines," in the counties of Calhoun and Kalamazoo. This clearly is not a grant to "make and use" the thing patented. It is a mere license to use and sell or dispose of. Neither is it an assignment. "The test is this: If the instrument vests in the grantee the exclusive right, either of the whole country, or for a particular district, of making and using the thing patented, and of granting that right to others, it is an assignment. Any conveyance short of this is a license." Curt. Pat. (3d Ed.) § 212. See, also, Gayler v. Wilder, 10 How. [51 U. S.] 477; Brooks v. Byam [Case No. 1,948].

By this test the grants in question are clearly licenses merely, and as such need not be recorded, and they are therefore available to defendant as against complainants' rights, although not recorded. See Curt. Pat. (3d Ed.) §§ 181, 211.

The defendant having acquired his grant, however, before the extension of the patent, his rights under it are limited, by section 18 of the act of July 4, 1836, above cited, to the use merely of the particular machine he had in use at the time of the extension, which right seems to be all he claims, and the exercise of which is all that is complained of in this case.

It was contended on the argument of the motion, on behalf of complainants, that because the grant from Merritt to Allen is not in terms to Allen and her assigns, that Allen could not transfer the right to use, etc., to others, and that, therefore, defendant can claim nothing under said grant. The right granted to Allen, as we have seen, was to "use and sell" or "dispose of." I think this is sufficient to confer the right to dispose of the right to use to others, because the purchase of a patented thing always carries with it the right to use the thing purchased by implication, and that is all that is claimed by the defendant in this case. The objection, therefore, is not well founded.

The motion for a temporary injunction is denied.